IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 19, 2021

## STATE OF TENNESSEE v. CLARK DERRICK FRAZIER

**Appeal from the Circuit Court for Robertson County**
**No. 74CC2-2008-CR-9248    William R. Goodman, III, Judge**

_____

### No. M2021-00172-CCA-R3-CD

_____

The petitioner, Clark Derrick Frazier, appeals the Robertson County Circuit Court's denial of his motion to correct an illegal sentence, filed pursuant to Tennessee Rule of Criminal Procedure 36.1.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Joe R. Johnson, II, Springfield, Tennessee, for the appellant, Clark Derrick Frazier.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In 2007, the defendant pleaded guilty to one count of second degree murder for the 2004 stabbing death of Rosario Salas Angel in exchange for a Range I offender sentence of 25 years.  Following his plea, the defendant mounted several challenges to his conviction and sentence via multiple avenues, including an unsuccessful petition for post-conviction relief; an unsuccessful petition for writ of error coram nobis; and an unsuccessful petition for writ of habeas corpus, in which petition he alleged "that his conviction was void because the factual basis supporting his guilty plea and conviction was 'insufficient or erroneous.'"  *Clark Derrick Frazier v. Randy Lee, Warden*, No. E2018-00323-CCA-R3-HC, 2018 WL 3239302, at *1 (Tenn. Crim. App., Knoxville, July 3, 2018).  On appeal, this court affirmed the denial of habeas corpus relief, finding that the defendant had failed to present a colorable claim for relief.  *Id.* at *2.

On June 30, 2019, the defendant moved pro se for relief via Tennessee Rule of Criminal Procedure 36.1 to correct what he believes to be an illegal sentence, arguing that he should be permitted to withdraw his guilty plea because the plea was unsupported by a factual basis and, consequently, resulted in an illegal sentence. The trial court appointed counsel and held a hearing on the matter.

Exhibited to the hearing were a certified copy of the defendant's guilty plea, transcripts of the plea submission hearing and a pretrial hearing on motions to suppress evidence, written statements of the defendant and co-defendant Erin Harris, and a transcript of a video recording of the defendant's being transported in a police vehicle. After hearing the arguments of counsel and reviewing the exhibited materials, the trial court issued a written opinion denying relief and finding that the court had substantially complied with the requirement of Tennessee Rule of Criminal Procedure 11(b)(3) at the defendant's plea submission hearing, which rule requires the trial court to "determine that there is a factual basis for the plea." *See* Tenn. R. Crim. P. 11(b)(3).

In this timely appeal, the petitioner reasserts his argument that he is entitled to relief under Rule 36.1 on the ground that the factual basis underlying his guilty plea was insufficient.

Rule 36.1 provides the defendant and the State an avenue to "seek to correct an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the unexpired sentence is illegal," Tenn. R. Crim. P. 36.1(b)(3). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Here, the defendant's 25-year sentence for a Class A felony of second degree murder was authorized by statute at the time of the offense and does not contravene any other applicable statute. *See* T.C.A. §§ 39-13-210(c)(1), 40-25-112(a)(1). Indeed, the defendant concedes that his sentence "is on its face lawful," and, consequently, his claim regarding the sufficiency of the factual basis underlying his guilty plea is merely an attack on his conviction, which claim is not cognizable in a Rule 36.1 proceeding. *See State v.*

*Marcus Thomas*, No. W2017-00692-CCA-R3-CD, 2017 WL 5634250, at *1 (Tenn. Crim. App., Jackson, Nov. 22, 2017).

Even if the defendant's claim could be the basis of a Rule 36.1 petition, the record supports the conclusion that the trial court substantially complied with Rule 11 in accepting the defendant's guilty plea. At the plea submission hearing, the court expressed that the evidence put forth in pretrial hearings made the "factual basis . . . pretty clear," and the defendant acknowledged that he "inflict[ed] the wounds that killed" the victim. Furthermore, this court has previously noted that "the transcript of the [defendant's] second preliminary hearing" established the facts of the case. *Clark Derrick Frazier v. State*, No. M2014-02374-CCA-R3-ECN, 2015 WL 4040383, at *1 (Tenn. Crim. App., Nashville, July 1, 2015); *see also State v. Lord*, 894 S.W.2d 312, 316 (Tenn. Crim. App. 1994) ("[T]he existence of a factual basis may be shown by numerous sources in the record.") (citations omitted).

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE